IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Arthur Lewis Boyd, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | 1:19cv1278 (TSE/TCB) |
| ) | |
| Tammy B. Williams, Warden, ) | |
|     Respondent. ) | |

## MEMORANDUM OPINION

Arthur Lewis Boyd ("Boyd" or "petitioner"), a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his January 23, 2017 convictions in the Mecklenburg County Circuit Court for possession of a firearm by a violent felon, and attempted possession of a firearm by a violent felon. Respondent has filed a Motion to Dismiss, with a supporting brief, and Boyd was notified of the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and he filed a response. [Dkt. Nos. 6-9]. Accordingly, this matter is now ripe for disposition. A review of the record in this matter establishes that the respondent's Motion to Dismiss must be granted, and the petition must be dismissed with prejudice.

### I. Procedural History

Boyd is currently confined pursuant to a final order of the Mecklenburg County Circuit Court dated January 23, 2017, convicting him of possession of a firearm by a violent felon, and attempted possession of a firearm by a violent felon. The circuit court sentenced Boyd to serve consecutive five-year sentences in prison on each charge and then suspended the five years in prison on the attempted firearm possession conviction. (Commonwealth v. Boyd, Case Nos.

CR16-176-00 and -02).[1]

Boyd's counsel appealed his convictions to the Court of Appeals of Virginia in accordance with Anders v. California, 386 U.S. 738 (1967), arguing that the evidence was insufficient to prove Boyd had been convicted of a prior violent felony and that the firearm in this case was inoperable. (Boyd v. Commonwealth, Record No. No. 0075-17-2; Resp. Ex. B at 10-11). Boyd filed a supplemental pro se petition for appeal that raised the same sufficiency issues. (Resp. Ex. B at 2). The Court of Appeals denied the petition on November 17, 2017 finding that all issues were not preserved under Rule 5A:18. (Resp. Ex. B at 1-3). The Supreme Court of Virginia refused Boyd's subsequent petition for appeal on December 21, 2018. (Boyd v. Commonwealth, Record No. 180250).

Boyd filed a petition for writ of habeas corpus in the Supreme Court of Virginia on January 17, 2019, Boyd v. Williams, Record No. 190131 (hereinafter VSCT at __). The Supreme Court of Virginia dismissed the petition on July 22, 2019 finding the claims of ineffective assistance of counsel had no merit under Strickland v. Washington, 466 U.S. 668 (1984), the claims of prosecutorial misconduct were barred under the rule of Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), and that the claim of a conspiracy to violate his constitutional rights was conclusory and dismissed the claim under the rule of Penn v. Smyth, 188 Va. 367, 370-71 (1948). (VSCT at 550).

On September 23, 2019, Boyd filed a § 2254 habeas petition in this Court raising the

---

[1] Boyd was also found guilty of making a false statement on the form for transferring a firearm in violation of Virginia Code § 18.2-308.2:2. (10/27/16 Tr. at 7-8, 59) (hereinafter Tr. at __). At sentencing, defense counsel moved the circuit court to reconsider the conviction for transferring a firearm arguing that the statute was not meant to cover the pawning of a firearm. The circuit court heard argument and then granted the prosecutors motion to dismiss that conviction. (1/11/17 Tr. at 5-6).

following claims:

    I.     Ineffective assistance of counsel at trial.

          A. Counsel failed to object and argue at trial that no evidence was presented to convict petitioner of possession of an operable firearm.

          B. Counsel failed to file a motion for discovery when petitioner told him the shotgun would not fire a shotgun shell.

          C. Counsel erred in agreeing with the Commonwealth to stipulate the state trooper's testimony.

          D. Counsel was ineffective in failing to preserve claims for appeal.

          E. Counsel was ineffective on appeal by filing an Anders[2] brief.

    II.    Prosecutorial misconduct.

          A. Prosecution used false testimony of the pawn shop owner to prove the firearm was a firearm.

          B. Prosecution did not present the firearm in court.

    III.   Conflict of interest, abuse of discretion, abuse of process. Boyd's trial counsel conspired with the prosecutor to obtain a conviction.

## II. Statement of Facts[3]

On November 20, 2015, Barry Moore was working at his pawn shop, South Hill Pawn Shop, in Mecklenburg County, Virginia. (Tr. at 15). Moore is also a federally licensed firearms dealer. Boyd came to the store and pawned a shotgun. (Id. at 16-17). The receipt for the pawned firearm was introduced at trial. (Id. at 17). At the time he received the weapon, Moore examined the shotgun and determined it was operable. Moore tested the firing pin by

---

[2] Anders v. California, 386 U.S. 738, 744 (1967) (after counsel determines that there are no meritorious issues for appeal and requests leave to withdraw, the appellate court "then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.").

[3] In federal habeas, a federal court reviewing a state conviction for sufficiency of the evidence views the evidence in "the light most favorable to the prosecution" and the court presumes that if there were any conflicts in the evidence that "the trier of fact" resolved the conflicts in the evidence in "favor of the prosecution." Jackson v. Virginia, 443 U.S. 307, 319, 326 (1979).

sliding a piece of paper between the chamber and the firing mechanism and pulling the trigger. Moore inspected the paper and found that the firing pin punched a hole in the paper. (Id. at 18). At the time Boyd pawned the shotgun, Moore explained to Boyd that when he came to redeem the pawn ticket Boyd would have to go through the same process as if he were buying a new weapon, which included a background check. Boyd responded that he did not "have a problem with that." (Id. at 16).

On December 1, 2016, Boyd went to the pawn shop to redeem his pawn ticket for the shotgun. (Id. at 18). Boyd completed Section A of the form himself. (Id. at 22). In filing out the form, Boyd initially indicated "yes" in response to the question asking if he had ever been convicted of a felony. (Id. at 23- 24). Moore notified Boyd he could not reclaim the shotgun if had a felony conviction and Boyd changed his answer to the question whether he had ever been convicted of a felony to "no." (Id. at 24). The form Boyd completed was admitted into evidence at trial as Commonwealth's Ex. No. 3. (Id. at 21).

A copy of Boyd's prior convictions in New York for attempted robbery, robbery, and burglary were admitted into evidence as well as Boyd's Virginia convictions for two counts of grand larceny. (Tr. at 37).

### III.  Exhaustion

Before bringing a federal habeas petition, state prisoners must first exhaust their claims in the appropriate state court. Failure to exhaust all claims requires dismissal of the petition to allow the petitioner first to present his claims to the appropriate state courts. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129, 134 (1987). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review

process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, Boyd must first have presented the same factual and legal claims raised in his federal action to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364, 365 (1995).

Exhaustion is a matter of comity to the state courts, and failure to exhaust requires dismissal from federal court so that Alston may present his claims to the state courts. See Granberry, 481 U.S. at 134; Rose v. Lundy, 455 U.S. 509, 515-19 (1982); 28 U.S.C. § 2254(b). Generally, a federal habeas petition containing unexhausted claims will be dismissed without prejudice to allow for further state court review. See Rose, 455 U.S. at 522. If state law, however, would bar further state court review, then federal habeas review of the unexhausted claim is procedurally barred. See Bassette v. Thompson, 915 F.2d 932, 935-37 (4th Cir. 1990).

In the present case, respondent admits that all of petitioner's claims are either exhausted because they have been presented to the Supreme Court of Virginia, or exhausted and defaulted because the claim was not presented to the Supreme Court of Virginia and if Boyd attempted to raise the claim now it would be barred as successive or untimely. Claim I(B) is exhausted and defaulted because it was not raised in state habeas. Claims II(A) and II(B) are exhausted because they were raised in the state habeas petition, but each was found barred under the rule of Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974) because Boyd had failed to raise the claims on direct appeal. The remainder of Boyd's claims will be reviewed on the merits.

A. *Procedurally Defaulted Claims*

Where a state court has made an express determination of procedural default, the state court's finding is entitled to a presumption of correctness, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th

Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260.

Claims II(A) and II(B) were each found by the Supreme Court of Virginia to be barred under the rule of Slayton v. Parrigan. The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997).

In addition, claim I(B), which alleges ineffective assistance of counsel for failing to file a motion for discovery regarding the operability of the shotgun, is also defaulted because Boyd did not raise it in his state habeas petition and has not otherwise presented it to the Supreme Court of Virginia. Any attempt by Boyd to raise claim I(B) in a second state habeas petition would result in that claim being found procedurally barred as untimely and successive, which renders the claim exhausted and defaulted for purposes of federal review absent cause and prejudice. See Va. Code §§ 8.01-654(A)(2); 8.01-654(B)(2); see Bassett, 915 F.2d at 936-37 (an unexhausted claim, which would be held defaulted if the petitioner were to return to state court, is deemed simultaneously exhausted and defaulted for purposes of federal habeas review). Virginia's habeas statute of limitations is an independent and adequate state procedural rule that bars federal review. Walker v. Martin, 562 U.S. 307, 321 (2011) (state statutes of limitations may be an independent and adequate state law ground barring federal habeas review); Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006) (finding claims simultaneously exhausted and defaulted in federal habeas actions because claims not presented in state court would now be time barred by adequate and independent default of Virginia Code § 8.01-

654(A)(2)). Additionally, Virginia's bar on successive petitions in Code § 8.01-654(B)(2) is likewise considered an adequate and independent state ground. See Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997).

### B. Cause and Prejudice

The merits of a defaulted claim, however, are not barred from federal habeas review if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law" or a fundamental miscarriage of justice. Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2005). "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him ...." Coleman v. Thompson, 501 U.S. 7. A change in the law is one type of "cause" that may constitute cause for a procedural default if the change in the law creates "a claim that 'is so novel that its legal basis is not reasonably available to counsel.'" Bousley v. United States, 523 U.S. 614, 622 (1998) (quoting Reed v. Ross, 468 U.S. 1, 16 (1984)). In addition, ineffective assistance of counsel can also constitute cause to excuse a procedural default.

> In some circumstances, ineffective assistance of counsel may be sufficient "cause" for a defaulted claim. See Edwards [v. Carpenter, 529 U.S. 446, 451 (2000)]; Slavek v. Hinkle, 359 F. Supp. 2d 473, 480 (E.D. Va. 2005). Importantly, where a petitioner for federal habeas relief seeks review of claims defaulted during state habeas proceedings, he must show that he raised the ineffectiveness argument as a cause for the defaulted substantive claims during his state habeas proceedings. If a petitioner did not raise the ineffectiveness claim at the state habeas level, a federal habeas court may not consider it. Edwards, 529 U.S. at 452-53.

Powell v. Kelly, 531 F. Supp. 2d 695, 723 (E.D. Va. 2008), aff'd, 562 F.3d 656 (4th Cir. 2009), cert. denied, 559 U.S. 904 (2010).

Whether a petitioner has established cause "ordinarily turn[s] on whether the prisoner can show that some objective factor external to the defense impeded [his] efforts to comply with the

7

State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner must show an alleged constitutional violation worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis removed). A court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995).

Boyd cannot establish cause to excuse his default for not raising claim I (B) in his state habeas petition because he has not identified any outside impediment that prevented him from doing so as the facts upon which he relies were all available to him at that time. Boyd can also establish no prejudice because his claim is predicated upon a failure to understand that for the crime for which he was convicted Virginia law does not require that the firearm be operable.

> [A] gun need not be operable to be a "firearm" for the purposes of Code § 18.2-308.2. The Commonwealth only needed to prove [the] firearm was "an instrument which was designed, made, and intended to expel a projectile by means of an explosion." Armstrong v. Commonwealth, 263 Va. 573, 584 (2002) (defining 'firearm').... Accordingly, the shotgun, even if proven to be inoperable, would not have been favorable to petitioner, and counsel could have reasonably concluded an objection on this basis would have been futile. See Correll [v. Commonwealth], 232 Va. [454,] 470 [(1989)].

(VSCT at 555). See Bradshaw v. Richey, 546 U.S. 74 (2005) (per curiam) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.") (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)). Since Virginia law does not require that a firearm be operable, and any such objection by counsel or motion for examination of the firearm if it was in the Commonwealth's possession would have been futile, and an attorney is not ineffective for not raising a futile objection, see Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005), and therefore Boyd could not establish cause or prejudice for his default. Lastly, as Virginia case law established by at least

2002 that "a gun need not be operable to be a 'firearm' for the purposes of Code § 18.2-308.2" Armstrong, 263 Va. at 584, the application of Armstrong to Boyd's case was not novel.[4] Accordingly, Boyd's default precludes federal habeas review of his claim.

In claims II(A) and (B), Boyd alleges prosecutorial misconduct, asserting that (1) the prosecution used false testimony (Moore's testimony that the firearm appeared operable) and (2) the prosecution failed to introduce the firearm into evidence at trial. He raised both claims in his state habeas petition and the Supreme Court of Virginia dismissed each claim pursuant to the rule of Slayton v. Parrigan, because Boyd had failed to raise the claims on direct appeal. Boyd cannot prove cause or prejudice to excuse the default.

The Supreme Court of Virginia's order dismissing the state habeas petition establishes that these claims had no merit and hence Boyd can establish no prejudice. First, the court found the trial record established "that the Commonwealth did not withhold the shotgun from petitioner because the Commonwealth did not possess it. It was retained by [the pawn shop owner], who eventually sold it." (VSCT 550, 555). Additionally, as noted, operability was not an issue because Virginia law does not require that the firearm be operable. Therefore, Boyd cannot establish cause for his default.

C. *Miscarriage of Justice*

Finally, proof of a fundamental miscarriage of justice requires "a constitutional violation

---

[4] There is another possible avenue to establishing cause and prejudice, as set forth in Martinez v. Ryan, 566 U.S. 1 (2012). "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id. at 4. Martinez is of no consequence in Boyd's case, however, because this claim of "ineffective-assistance-of-trial-counsel claim is insubstantial, *i.e.*, it does not have any merit" and "is wholly without factual support." Id. at 16.

[that] has probably resulted in the conviction of one who is 'actually innocent' of the substantive offense." Richmond v. Polk, 375 F.3d 309, 323 (4th Cir. 2004) (citation and internal quotation marks omitted). The Supreme Court held in McQuiggin v. Perkins, 569 U.S. 383 (2013), that a convincing claim of actual innocence "may allow a prisoner to pursue his constitutional claims ... on the merits notwithstanding the existence of a procedural bar to relief." The exception applies only in a "severely confined category" – that is, cases in which reliable *new evidence* shows that "it is more likely than not that 'no reasonable juror' would have convicted" the petitioner had the evidence been available at trial. Id. at 392 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

Here, Boyd has presented no new evidence to establish a claim of actual innocence. Thus, his arguments would not satisfy the rigorous requirements of Schlup and McQuiggin, and do not suffice to allow federal review of his procedurally defaulted claims. See Sparrow, 439 F. Supp. 2d at 588-89 (rejecting fundamental miscarriage of justice argument when petitioner "introduce[d] nothing new, but present[ed] instead a selective version of the facts and omit[ted] those facts belying his actual innocence claim").

Claims I(A), (C), (D), (E) and III are exhausted, not defaulted, and will be reviewed on the merits

### IV. AEDPA Standard

The Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA) abolishes *de novo* review in federal habeas cases and requires deference to a state court's decision on the merits unless that decision was (1) contrary to, or an unreasonable application of a clearly established Supreme Court decision, or (2) based on an unreasonable determination of facts. See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 403-13 (2000). Under 28 U.S.C. § 2254(e)(1), a federal court must presume a state court's determination of facts is correct unless rebutted by

clear and convincing evidence. Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010) (factual issue determined by state court "shall be presumed to be correct"); see also Sumner v. Mata, 455 U.S. 591, 591-93 (1983) (per curiam) (statutory presumption of correctness applies to state appellate court's rendition of historical facts).

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. The standard of reasonableness is an objective one. Id. at 410. The focus of a federal court under this standard "is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997). The Fourth Circuit recently stated that the

> deference under § 2254 ensures "state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Harrington v. Richter, 562 U.S. 86, 103, (2011). Accordingly, we may grant habeas relief on claims adjudicated on their merits in state court only if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see also Cummings v. Polk, 475 F.3d 230, 237 (4th Cir. 2007).

Sigmon v. Stirling, 956 F.3d 183, 191 (4th Cir. 2020).

## V. Ineffective Assistance of Counsel Claims

The United States Supreme Court established a two-prong test a petitioner must meet to state a claim of in effective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984),which requires a petitioner show deficient performance and prejudice. To establish deficient performance, a petitioner must show that "counsel's representation fell below an

objective standard of reasonableness," id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance," id. at 690. In making such a determination, a federal habeas court "must be highly deferential" and presume "that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "If counsel's performance is found to have been deficient under the first part of the Strickland standard, to obtain relief the petitioner must also show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Richardson v. Branker, 668 F.3d 128, 139 (4th Cir. 2012) (quoting Strickland, 466 U.S. at 694).

To establish Strickland's performance prong, as applied to appellate counsel's ineffectiveness, a movant must first show that his "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Counsel is "not obligated to assert all nonfrivolous issues on appeal," Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000), and courts presume that the appellate counsel "decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993).

In the context of a claim of ineffective assistance of appellate counsel, the "proceeding" aspect of the prejudice prong "is the forum in which the petitioner's appeal was heard." Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (holding, in context of an ineffective assistance of appellate counsel claim, that the "prejudice" element of the Strickland standard is satisfied by a showing of a reasonable probability defendant would have prevailed on appeal but for appellate counsel's deficient performance). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Id. at 288 (internal quotation marks and citation omitted).

The Supreme Court explained the impact of the deferential scope of federal habeas review with respect to claims of ineffective assistance of counsel decided by state courts applying Strickland in Harrington, 562 U.S. at 101-02. Harrington explained that establishing an error by the state court is insufficient under § 2254, because "[f]or purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. at 101 (citation omitted). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at 102. As the Court succinctly stated, "[i]f this standard is difficult to meet, that is because it was meant to be." Id.

In applying Strickland, Harrington stated that a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fair minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." 562 U.S. at 102. Habeas relief is appropriate only if "there is no possibility fair minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." Id. The Court noted that, even without § 2254's deference, the Strickland standard "is a most deferential one." Id. at 105; see Morva v. Zook, 821 F.3d 517, 528 (4th Cir. 2016) (double-deference standard effectively limits federal review "to a determination of 'whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.'") (citations omitted); see also Johnson v. Sec'y, DOC, 643 F.3d 907, 911 (11th Cir. 2011) (given "[d]ouble deference ... it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in" federal habeas).

13

## VI. Analysis

In claim I(A), Boyd alleges that his "trial counsel failed to object and argue the fact that no evidence was presented at trial to convict petitioner of possession of a firearm and attempted possession of a firearm." [Dkt. No. 1 at 7]. Thereafter, Boyd admits that he possessed the firearm on November 20, 2015 when he pawned it, [Id.] and argues that the firearm was not operable. The Supreme Court of Virginia dismissed this claim because

> while petitioner claims the shotgun and a ballistics report on the shotgun would have proven it was inoperable, *a gun need not be operable to be a "firearm" for the purposes of Code § 18.2-308.2*. The Commonwealth only needed to prove firearm was "an instrument which was designed, made, and intended to expel a projectile by means of an explosion." Armstrong v. Commonwealth, 263 Va. 573,584 (2002) (defining 'firearm'). Petitioner claims that the firearm was inoperable, but he fails to proffer that it was not designed, made, and intended to expel a projectile by means of an explosion, and he does not contend that ballistics testing would have shown it was not designed for this purpose. Accordingly, the shotgun, even if proven to be inoperable, would not have been favorable to petitioner, and counsel could have reasonably concluded an objection on this basis would have been futile. See Correll, 232 Va. at 470.

(VSCT at 555) (emphasis added). The Supreme Court of Virginia's dismissal of this claim was not an unreasonable application of federal law nor did it involve an unreasonable determination of facts, and thus claim I(A) must be dismissed. See Larry v. Branker, 552 F.3d 356, 365 (4th Cir. 2009) (in reviewing petitioner's claim that a lesser-included instruction on second degree murder should have been given, the North Carolina Supreme Court "necessarily considered whether the evidence of premeditation and deliberation was uncontroverted" and could have reasonably found "that it was uncontradicted that [petitioner] formed an intent to kill with premeditation and deliberation" which "was neither contrary to, nor an unreasonable application of, federal law within the meaning of § 2254(d)(1).").

Claim I(B) is defaulted, see, supra at 6-8, and has no merit. For this claim, Boyd alleges

his attorney was ineffective for not filing a discovery motion of some sort to establish that the firearm was inoperable. [Dkt. No. 1 at 7-8]. As noted supra, operability is not relevant to either of Boyd's convictions. Consequently, claim I(B) fails to establish ineffective assistance of counsel under either prong of Strickland v. Washington.

Claim I(C), Boyd alleges his attorney was ineffective for stipulating to the State Troopers testimony about the chain of custody of the pawn ticket and the firearm form. Boyd argues both forms were irrelevant if the shotgun was inoperable and his attorney should have recovered the shotgun and then had it tested. Claim I(C), like most of Boyd's habeas petition, is based upon the incorrect premise that operability was relevant to his convictions.

In dismissing this claim, the Supreme Court of Virginia found that Boyd did not "contend the form would not have been admitted into evidence had counsel not stipulated to its chain of custody" and he had also failed "to explain how the form affected his defense or how the outcome of trial would have been different if counsel had not agreed to the stipulation." (VSCT at 556). The Supreme Court of Virginia noted that Boyd had conceded that both forms were relevant to whether he possessed the shotgun and that an objection on relevance grounds would have been futile. (Id.) (citing Correll, 232 Va. at 470).[5] The Supreme Court of Virginia's dismissal of the claim is also supported by Moore's testimony.

Moore testified at trial that Boyd possessed the shotgun on November 20, 2015 when he pawned it, and Boyd was given a pawn ticket. The pawn ticket was introduced at trial after Moore identified the ticket and it was admitted without objection as Commonwealth's Ex. No. 2.

---

[5] Correll held that "counsel [is] under no duty to object to" the admission of admissible evidence. 232 Va. at 470.

15

(Tr. at 17). Moore also identified Commonwealth's Ex. No. 3, the form filled out by Boyd when he attempted to redeem the pawn ticket on December 1, 2015, and it was admitted "as the form [Boyd] filled out" without objection. (Id. at 19, 21).[6] Boyd filled out Section A on the form. (Id. at 22). The stipulation to the State Trooper's testimony was at best cumulative with regard to the admissibility of the form since Moore identified both documents and they were admitted without objection. The Supreme Court of Virginia's dismissal of this claim was not an unreasonable application of federal law nor did it involve an unreasonable determination of facts and claim I(C) will be dismissed. See Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998) (explaining decisions of "trial strategy and tactics" including "what stipulations should be made" are left to counsel).

In claims I(D) and I(E), Boyd alleges his attorney was ineffective for filing an Anders brief and not preserving issues for appeal. In dismissing the claims, the Supreme Court of Virginia applied the proper standard for determining a claim of ineffective assistance of counsel when his appellate attorney complied with Anders.

> Where, as here, counsel "has complied with a valid state procedure for determining whether the defendant's appeal is frivolous, and the State has not at any time left the defendant without counsel on appeal, there is no reason to presume that the defendant has been prejudiced," and the Court applies Strickland analysis to a petitioner's ineffective assistance of counsel claim. Smith v. Robbins, 528 U.S. 259, 286 (2000); see also Brown v. Warden of Virginia State Penitentiary, 238 Va. 551, 556 (1989) (in Virginia, appellate counsel complies with Anders by advising the Court of Appeals of Virginia he determined an appeal would be wholly frivolous, by requesting permission to withdraw, and by filing "a petition for appeal identifying anything in the record that arguably might support the appeal").

---

[6] At trial, defense counsel objected to the form with regard to Count 2, which was the charge that the court later dismissed. (Tr. at 21; 1/11/17 Tr. at 5-6).

16

(VSCT at 557). The Supreme Court of Virginia found that Boyd had failed to prove prejudice because he had not proffered any ground for appeal that his counsel failed to raise. Moreover, "the Court of Appeals of Virginia examined all of the proceedings, including petitioner's pro se supplemental petition for appeal, and determined the case was wholly frivolous." (Id.).

An attorney is not ineffective merely because he files an Anders brief. See Moore v. Pearson, No. 1:14cv483, 2016 U.S. Dist. LEXIS 129945, at *32 (E.D. Va. Sept. 20, 2016) (deferring to the state habeas court's determination that counsel was not ineffective for filing an Anders brief, as "counsel's choice of which appellate issues to pursue is virtually unassailable"), appeal dismissed, 680 Fed. Appx. 257 (4th Cir. 2017); Williams v. Commonwealth, No. 2:04cv129, 2006 U.S. Dist. LEXIS 76011, at *31 (E.D. Va. Oct. 18, 2006) ("[T]he mere fact that counsel filed an Anders brief as opposed to filing a full appeal is of no consequence because the Court of Appeals fully reviewed the record, and made a determination based upon the numerous issues that were raised by the brief."), appeal dismissed, 219 Fed. Appx. 309 (4th Cir. Va. 2007); see also King v. Clarke, No. 2:17cv281, 2018 U.S. Dist. LEXIS 129857, *37-38 (E.D. Va. May 4, 2018) ("Additionally, the viability of any ineffective assistance claims regarding Appellate Counsel is especially unlikely given Appellate Counsel's filing of an Anders brief in both the Court of Appeals and the Supreme Court of Virginia, a process which, by definition, required the appellate courts to perform an independent review of the proceedings to confirm the absence of any legal issues arguable on their merits."), adopted by, 2018 U.S. Dist. LEXIS 128793 (E.D. Va. July 31, 2018).

The Supreme Court of Virginia's determination that Boyd's appellate counsel acted in accordance with Anders, was reasonable and not contrary to, nor an unreasonable application of the controlling federal law upon which it expressly relied. See, e.g., Hardy v. Warden, Greensville Corr. Ctr., No. 1:13cv369 2014 U.S. Dist. LEXIS 26355, *22-23 (E.D. Va. Feb. 27,

2014), <u>appealed dismissed</u>, 584 Fed. Appx. 68 (4th Cir. 2014).   Claims I(D) and I(E) will be dismissed.

Claim III asserts that Moore, the State Trooper, Boyd's attorney, and the prosecutor conspired to cover up Moore's failure to run a criminal history check on November 20, 2015 and to keep the shotgun from being tested to determine its operability.   Boyd has failed to produce or proffer any evidence of an agreement between the alleged conspirators.   Moreover, Boyd's claim is predicated upon his mistaken belief that the prosecutor had to prove the shotgun was operable.   As the Supreme Court of Virginia held in state habeas, the prosecution did not have to prove the shotgun was operable.   (VSCT at 555).   The Supreme Court of Virginia cited to <u>Armstrong v. Commonwealth</u>, 263 Va. 573 (2002), which held

> in order to sustain a conviction for possessing a firearm in violation of Code § 18.2-308.2, the evidence need show only that a person subject to the provisions of that statute possessed an instrument which was designed, made, and intended to expel a projectile by means of an explosion.   It is not necessary that the Commonwealth prove the instrument was "operable," "capable" of being fired, or had the "actual capacity to do serious harm."

<u>Id.</u> at 584.   Not only is there no evidence of an agreement, but the whole purpose of the alleged conspiracy is absurd.   Moore was not required to conduct a background check when Boyd pawned the shotgun and operability was not an issue the prosecutor had to prove at trial.   The Supreme Court of Virginia, understandably, dismissed this claim as conclusory.   Its determination of the facts is not unreasonable, see <u>Gray v. Zook</u>, 806 F.3d 783, 797 (4th Cir. 2015) and does not constitute an unreasonable application of controlling federal law.   As the Fourth Circuit has held, "unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."   <u>Nickerson v. Lee</u>, 971 F.2d 1125, 1136 (4th Cir. 1992) (conclusory statement that discrimination occurred in selecting the jury was not enough).

## VII. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss [Dkt. No. 6] is granted, this petition must be dismissed with prejudice. An appropriate Order and judgment shall issue.[7]

Entered this 23rd day of October 2020.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

---

[7] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Boyd fails to meet this standard.